Daniels, J,
The plaintiffs were judgment creditors of Bernhard Schnitzler. Executions were issued against his properly and returned unsatisfied, and they then brought this action to set aside a general assignment made by him to the other defendant for the benefit of his creditors. The assignment was neither irregular nor defective in form or in the manner of its execution, but it was charged to have been made with the intent to hinder, delay and defraud the creditors of the assignor. The fact mainly relied upon to prove the truth of this charge was that ho justified as bail in an undertaking in the sum of $500 on the 23d of January, and on the 19th of February made an assignment, by the schedules of which his liabilities appeared to be $4,856 and his assets $2,350. But in explanation of this his testimony was, that he did not then know or understand the condition of his business. That he had been induced by another person to go into a manufacturing business as a part of that previously carried on by himself which proved to be deceptive and unprofitable.
It was also charged that he had paid money to his wife without any indebtedness existing in her favor, and this was answered by his own and her evidence, proving that she was a creditor of his to a larger sum than the sums which had been received by her.
After the assignment a sale was made of the assigned property and part of it purchased by a brother of the assignee, who obtained most of the residue, and formed a partnership at his own instance with the assignor’s wife, to carry on the same business in which the assignor himself was employed at a salary. This was a circumstance affording some ground of suspicion against the good faith of the assignment, but neither this circumstance, nor the other evidence was such as to render it the duty of f^ie court to find that the charge was true, that the assignment had been made with intent to defraud. The evidence was not inconsistent with good faith on the part of the assignor. It certainly, to say the most that can be said for the plaintiff, left the case in such a degree of *941 doubt as to support the conclusion of the justice presiding at the trial that no fraud had been established.
The judgment should be affirmed, with costs.
Van Brxjnt, P. J., and Brady, J., concur.